Cause No. F06-72844-WQ

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 204th |
| VS. | § | COURT OF |
| Myran Kelley | § | Dallas County, Texas |
| DEFENDANT | § | |
| TDCJ # 1622103 | § | |
| DATE OF BIRTH 9/2/69 | § | |

## REQUEST FOR COURT APPOINTED COUNSEL PURSUANT TO ARTICLE 1.051 TEXAS OF CRIMINAL PROCEDURE

### I.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant Myran Kelley TDCJ # 1622103 and requests that the Court appoint counsel to assist him in resolving a Habeas Corpus, post conviction relief error. In which Trial Court finds unresolved facts material to the legality of the Applicant's confinement exist. Defendant Myran Kelley is entitled to have an attorney appointed to represent him in any Habeas Corpus judicial proceeding, where ineffective assistance of trial counsel exist. Defendant Myran Kelley, respectfully expresses his earnest desire for the District Court to remain mindful that the paramount focus in this particular judicial matter. And pursuant to the Texas Code of Criminal Procedure, and Texas Fair Defense Act, codified at Article 1.051. Texas Government Code, Section 24.016.

MOTION DENIED
DATE: 2-11-15
BY: PC

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 04 2015

Abel Acosta, Clerk

Respectfully Submitted

Myran Kelley

Defendant, Pro Se
Printed name: Myran Kelley
TDCJ No. 1622103
TDCJ Unit French M. Robertson
12071 F.M. 3522 Abilene, Tx 79601

# AUTHORITY

## II

The Honorable District Court is authorized by Article 1.051 (d)(3), Code of Criminal Procedure, to appoint an attorney to repres[ent] the defendant in this matter if he is indigent and the Court conclu[des] the interests of justice require representation Tex Code Crim. Proc. Ann., art 1.051 (d)(3) Vernon 2014. See Beard v State, 243 S.W. 3d 783, 786 & n. 3 (Tex. App Amarillo 2007). Section 24.016 Government Code, also authorizes the District Court to appoi[nt] counsel to represent an indigent civil litigant in exceptional [ka]se[s] in which the public and private interests at stake are such tha[t] the administration of justice may be best served by the appoint[ment] ment Tex. Gov't Code Ann., sec. 24.016 (Vernon 2014). See Traveler's Indem Co. v. Mayfield, 923 S.W. 2d 590, 593 (Tex. App. Waco 2001). (Tex 1996); Spigener v. Wallis 80 S.W. 3d 174, 183 (Tex. App Waco 2002). (Incarceration of indigent litigant); see also Tolbert v. Gibson, 67 S.W. 3d 368, 372 (Tex. App. Waco 2001). (Incarceration of indigent litigant "primary exceptional factor" warranting appointment of counsel due to fact that incarceration creates significant limitation upon litigant's ability to conduct adequate investigation and obtain evidence supporting his claim); and see Ex parte Rieck, 144 S.W. 3d 510, 515-16 (Tex. Crim. App. 2004) (Habeas Corpus proceeding[s] including those seeking relief from confinement in criminal justice [s]ystem, generally considered to be of a civil nature). Recent decisio[n]s by the United State's Supreme Court indicate that the interests [o]f justice warrant the appointment of counsel in this case by the [D]istrict Court for the purpose of representing the Defendant [in] meaningfully seeking collateral review and adjudication on [th]e merits of his substantial claim of ineffective assistance of [tr]ial counsel. In Martinez v. Ryan 566 U.S. 1 (2012), the [S]upreme Court held that a "procedural bar" by default would [a]l prevent a federal court from hearing a substantial [cla]im of ineffective assistance of trial counsel if in the State's [i]nitial review collateral proceeding, there was no counsel or

counsel in that proceeding was ineffective. The Court explained that, because initial review in a collateral proceeding of a prisoners ineffective assistance of trial counsel claim is in many ways the equivalent of his direct appeal as to that claim, if the State does not appoint an attorney to assist the indigent prisoner in the initial review collateral proceeding, he is denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claim, similar to instances in which the attorney is not appointed to pursue the direct appeal or in which the attorney appointed to pursue the direct appeal is ineffective. Subsequent to the Martinez decision the Supreme Court decided a Texas case similar to that of Martinez with the same results. See Trevino v. Thaler, 569 U.S. 1911 (2013). In Trevino the Supreme Court concluded that where as in Texas, the state procedural framework by reason of its design and operation, make it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal the Court's holding in Martinez applies. See Ibarra v Stephens 723 F. 3d 599 (5th Cir. 2013). Additionally in the wake of Martinez and Trevino, the United States Department of Justice has adopted a policy change discontinuing the practice of enforcing any wavier of a defendant's right to seek appellate review of a substantial claim of ineffective assistance of counsel when the defendant has entered in exchange for a punishment recommendation by the prosecutor. Such policy change is in accord with the function of Martinez and Trevino to ensure that judgements curtailing the rights and liberty of defendant's charged with committing crimes have been entered in accord with those person's fundamentally important rights to effective representation of counsel and due process. A substantial claim of ineffective assistance of trial counsel exist in this case. Defendant continues to be indigent and unable to retain the services of a licensed attorney to represent him in pursuit of appellate review of his claim of ineffective assistance of trial counsel.

# CONCLUSIONS

For the foregoing reasons the District Court should appoint counsel for the specific purpose of investigating Defendant's claim of ineffective assistance of trial counsel, developing the record as necessary, and preparing that claim in a form adequate to ensure meaningful appellate review of that claim on the merits.

## PRAYER

WHEREFORE PREMISES CONSIDERED Defendant respectfully prays the Honorable District grant this Motion and Order the relief requested. Defendant prays for general relief.

# Inmate's Declaration

I, Myran Kelley TDCJ No. 1622103 being presently incarcerated at the French M. Robertson Unit of the Texas Department of Criminal Justice Correctional Institutions Division, located in Jones, County Texas hereby declare under penalty of perjury that the foregoing statements of fact are true and correct.

Executed on this the __2nd__ day of Febuary, 2015

_Myran Kelley_
SIGNATURE

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendants first motion for Appointment Of Counsel for Habeas Corpus has been duly served on the opposing party to this case via U.S. Mail, first class postage prepaid, addressed to.